UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

BRYCE HOOKAIKALAN NOWAK,

    Petitioner,

vs.

GREGORY SMITH, *et al.,*

    Respondents.

2:11-CV-00810-GMN-RJJ

**ORDER**

Pursuant to the Rules Governing Habeas Cases, Rule 4, the court reviewed this petition for writ of habeas corpus and on June 14, 2011, ordered petitioner to show cause and file such proof he may have to demonstrate that his petition was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period (docket #3). Petitioner responded (docket #4), respondents' filed their response (docket #6), and petitioner replied (docket #7). As discussed below, this petition must be dismissed as untimely.

**I. Procedural History**

Petitioner was convicted in Nevada state court on December 20, 2006 (docket #6-1). Petitioner did not seek direct review with the Nevada Supreme Court and filed no applications for postconviction relief until January 13, 2010 (*see* docket #1). On that date petitioner filed a motion to correct manifest injustice, which was denied (docket #4-2), and such denial was affirmed by the Nevada Supreme Court on July 15, 2010 (docket #4-1). Petitioner notes that both the state district court and the

1  Nevada Supreme Court treated the motion as a motion to withdraw his guilty plea.  This petition for
2  habeas corpus relief was filed on May 18, 2011 (docket #1).

**II.  Legal Analysis**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on December 20, 2006 (docket #6-1). The conviction became final when the period for filing an appeal expired. 28 U.S.C. § 2244 (d)(1)(A). Under Nevada law, a party seeking to appeal his conviction has 30 days within which to file a notice of appeal. NRAP 41(a). Petitioner did not file a direct appeal. Thus, petitioner's conviction became final on January 20, 2007, which is 30 days after his judgment of conviction was entered. Petitioner had one year from that date, up to January 20, 2008, in which to file a federal habeas petition pursuant to the AEDPA deadline.

Petitioner filed nothing in the state district court between the date that his judgment of conviction was filed on December 20, 2006, until he filed a motion to correct manifest injustice pursuant to NRS 176.165 on January 13, 2010 (see docket #1). By the time that petitioner filed his motion to correct manifest injustice on January 13, 2010, the federal one-year limitations period had already expired. Petitioner is not entitled to any tolling while his motion to correct manifest injustice was pending in state court. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001) (state collateral petition filed after expiration of AEDPA limitations period does not toll); *Green v. White*, 223 F.3d 1001, 223 F.3d 1001,1003 (9th Cir.2000) (no tolling for state petition filed after the AEDPA limitations period had already run). The instant federal habeas petition was filed on May 18, 2011, which was over four years after the expiration of the AEDPA statute of limitations. Petitioner apparently argues that because his motion to correct manifest injustice (construed as a motion to withdraw guilty plea), which itself was timely filed, is a collateral review of the judgment, the AEDPA statute of limitations should run from the final disposition of that motion. However, the statute of limitations for federal habeas relief expired prior to his filing that motion to correct manifest injustice. A timely motion for collateral review of a judgment cannot operate to "save" an otherwise untimely federal habeas petition.

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, petitioner has not demonstrated, and indeed does not even argue, that he is entitled to equitable tolling. Petitioner has not demonstrated any extraordinary circumstances that stood in his way or made it impossible to file his federal habeas petition in a timely manner. Petitioner is not entitled to equitable tolling. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

/ / /

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that the federal petition for a writ of habeas corpus (docket #1) is **DISMISSED with prejudice** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED this 18th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge